Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| POWER SOLAR, LLC<br><br>Recurrente<br><br>Vs.<br><br>DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO; JUNTA DE SUBASTAS DEL DEPARTAMENTO DE LA VIVIENDA DE PUERTO RICO<br><br>Agencia Recurrida<br><br>Aireko Energy Solutions, LLC<br><br>Proponente Agraciado | KLRA202400360 | *REVISIÓN ADMINISTRATIVA* procedente de la Junta de Subasta del Departamento de la Vivienda<br><br><br>Request for Proposals No.<br><br>CDBG-MIT-RFP-2023-02 |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Cruz Hiraldo, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 8 de noviembre de 2024.

Comparece ante este Tribunal, Power Solar, LLC (en adelante, Power Solar o parte recurrente), mediante un recurso de *Revisión Judicial* presentado el 8 de julio de 2024. Por medio de este, nos solicitó la revisión de una *Resolución* de Adjudicación emitida el 14 de junio de 2024 por la Junta de Subastas del Departamento de la Vivienda de Puerto Rico (en adelante, Junta o Vivienda).[1] Esto, relacionado al proceso de solicitud de propuestas denominado: CDBG-MIT-RFP-2023-02 PV Systems, Water Storage System Design, Acquisition and Installation Services (CEWRI-CI). La Junta, por conducto del Procurador General, al igual que el proponente agraciado Aireko Energy Solutions, LLC (en adelante, "Aireko") comparecieron mediante sus respectivos alegatos.

---

[1] Apéndice 1 del Recurso de Revisión Judicial, págs. 1-26.

Número Identificador

SEN2024 _____

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, *desestimamos* el presente recurso por falta de legitimación.

**-I-**

El Departamento de la Vivienda de Puerto Rico administra los fondos federales provenientes del Community Development Block Grant – Disaster Recovery ("CDBG-DR") y del Community Development Block Grant – Mitigation ("CDBG-MIT") emitidos por el Departamento de la Vivienda y Desarrollo Urbano de los Estados Unidos (US Department of Housing and Urban Development, HUD, por sus siglas en inglés).

El 8 de enero de 2024, el Departamento de la Vivienda de Puerto Rico emitió un Aviso de Adjudicación relacionado al proceso de "Request for Proposals" (en adelante, y por sus siglas en inglés, RFP) CDBG-MIT-RFP-2023-02 PV "Systems, Water Storage System Design, Acquisition and Installation Services" (CEWRI-CI).[2] El objetivo del RFP era la contratación de servicios profesionales de unas firmas altamente cualificadas y capaz de instalar los diferentes tipos de sistemas fotovoltaicos, baterías y cisternas a hogares en la comunidad de Ala de la Piedra en Orocovis, Puerto Rico. Tomando en consideración la localización de dichos hogares y la diversidad de tipos de construcción, junto con las condiciones topográficas, Vivienda definió diferentes tipos de instalación y recomendaciones de diseño basados en los diferentes tipos de hogares. Ante ello, a tenor con el "Scope of Work" emitido por Vivienda:

> The Program has identified the households existing conditions and needs and the construction types, including the diverse topographic conditions of each. As a result, the Program design recommendations were defined and classified based on different house and site condition types.

---

[2] Apéndice 1 del Recurso de Revisión Judicial, págs. 1-26.

**PV System Types:**

Type A.  Standard rooftop mounted photovoltaic system (PV) with good roof conditions.

Type B1:  Ballasted ground-mounted photovoltaic system (PV).  PV Ballast system must be mechanically attached to avoid ground disturbance (no permit is required if the structure is less than 3' high, but environmental review is needed.  Refer to CEWRI-CI Program Guidelines of levels of Environmental Review).

Type C11:  Attached to housing unit-light frame structure to hold PV (requires a permit, environmental review and abatement if significant paint disturbance is more than 20 sq. ft. of the exterior surface).

Type C21:  Stand-alone light frame structure to hold PV (requires permit and environmental review).

Type D2: PV in pole system (requires permit and environmental review but no abatement) and WSS on existing pad or prefabricated pad if space is available.

**Battery Backup System (BSS):**

All PV system types will include one of the following BSS capacities:

     9kWh/day Battery Storage
     12 kWh/day Battery Storage

**Water Storage System (WSS):**

WSS installations are expected to occur mostly on rooftops if the structure allows it.  Where rooftop installation is not feasible, WSS will be installed at an existing pad of prefabricated pad.

WSS capacities:

     300 gallons
     400 gallons
     500 gallons

Como parte del proceso de licitación, Vivienda recibió un total de doce (12) propuestas en respuesta al RFP:

1. Synerlution Energy, LLC.
2. Green Energy and Fuels Inc.
3. Pura Energía, Inc.
4. Venegas Construction Corp.
5. Integrated Solar Operations LLC. (en adelante, ISO)
6. **Power Solar, LLC./PR Water Management.**
7. Genesis Security Services, Inc.
8. **Aireko Energy Solutions, LLC.**
9. Caribbean Solar Energy, LLC.
10. SLSCO LTD, (en adelante, SLS)
11. Ion Leed, LLC.
12. Windmar PV Energy.

Ante este escenario, el 24 de abril de 2024, la División Legal de la Junta recomendó rechazar las propuestas tanto de SLS como de ISO debido a violaciones al principio de libre competencia. Estas dos propuestas fueron eliminadas del proceso.[3] Las diez (10) propuestas restantes fueron evaluadas por el Comité Evaluador según los criterios establecidos en el RFP. De igual forma, entre las propuestas presentadas, ocho (8) proponentes fueron clasificados como No Calificados. Veamos:

a) Synerlution Energy, LLC: Calificada como "Fair" en enfoque de trabajo debido a la falta de diseños para el Sistema Tipo B.

b) Green Energy & Fuels, Inc.: Calificada como "Fair" en enfoque de trabajo por no presentar un diseño adecuado para el Tipo C-1.

c) Pura Energía, Inc.: Calificada como "Fair" en enfoque de trabajo por falta de diseños adecuados para los Tipos C y D.

d) **Power Solar, LLC / Puerto Rico Water Management: Calificada como "Fair" en cualificaciones y experiencia, y en enfoque de trabajo. Faltaban proyectos comparables y diseños para los Tipos B, C-1, C-2 y D.**

e) Genesis Security Services, Inc.: Calificada como "Fair" en enfoque de trabajo por falta de detalles esenciales y diseños para los Tipos B, C-1, C-2 y D.

f) Caribbean Solar Energy, LLC: Calificada como "Fair" en cualificaciones y experiencia debido a preocupaciones sobre la capacidad de manejar el proyecto propuesto.

g) Ion Leed, LLC: Calificada como "Fair" en múltiples criterios, incluyendo falta de proyectos comparables en sistemas de almacenamiento de agua y diseños faltantes.

h) Windmar PV Energy: Calificada como "Fair" en cualificaciones y experiencia, y en enfoque de trabajo por falta de información crítica y diseños faltantes.

---

[3] *Íd.*, pág. 2

Por otro lado, dos (2) proponentes fueron clasificados como Altamente Calificados:

a) Venegas Construction Corp.: Obtuvo una combinación de calificaciones "Excellent" y "Good" en criterios críticos e importantes.

b) Aireko Energy Solution, LLC: Recibió una calificación general de "Excellent".

Vivienda realizó un análisis de razonabilidad de precios. La propuesta de Aireko resultó ser un 23.5% más baja que el Estimado de Costo Independiente (en adelante, ICE), mientras que la de Venegas fue un 5.4% más alta que el ICE. Así las cosas, el 13 de junio de 2024, la Junta de Subastas adjudicó el RFP-2023-02 a Aireko por un monto inicial máximo de $3,860,211.00 para un período inicial de dos años, con opción de extensión por un año adicional.[4] La decisión se basó en que Aireko demostró ser Altamente Calificado, al cumplir con los requisitos del RFP y ofrecer el precio más razonable y ventajoso para el Vivienda.[5]

En desacuerdo con la determinación de la Junta de Subastas del Departamento de la Vivienda, el 8 de julio de 2024, Power Solar presentó este recurso y le imputó a la Junta de Subastas la comisión de los siguientes errores:

Primer Error: Err[ó] el comit[é] evaluador y la junta de subastas al otorgar calificación de "fair" al concluir que la propuesta de power solar/pr carec[í]a de proyectos comparables que demostrasen capacidad de manejar t[é]rminos y presupuestos y que el exhibit c estaba incompleto.

Segundo Error: Err[ó] el departamento de la vivienda al otorgar evaluaci[ó]n de "fair" al concluir que la propuesta de power solar carec[í]a de proyectos comparables que demostrasen capacidad de manejar t[é]rminos y presupuestos y que el exhibit c estaba incompleto.

Con el beneficio de la comparecencia de las partes y a la luz del derecho aplicable, resolvemos:

---

[4] Apéndice 1 del Recurso de Revisión Judicial, págs. 6 y 7.
[5] Apéndice 1 del Recurso de Revisión Judicial, págs. 6 y 7.

**-A-**

En general, los tribunales tienen la obligación y responsabilidad de decidir los casos que se le presentan ante su consideración, incluso aquellos que con gusto evitaría. No obstante, como doctrina de autolimitación y de prudencia en el ejercicio del Poder Judicial, los tribunales solo pueden resolver aquellas controversias que sean justiciables. *Hernández Montañez v. Parés Alicea*, 208 DPR 727, 738 (2022). El concepto de justiciabilidad "impone el deber de examinar si los casos que traban una controversia de índole constitucional cumplen con determinados e indispensables requisitos previo a una expresión". *Noriega v. Hernández Colón*, 135 DPR 406, 420 (1994). Lo anterior, pues, "los tribunales existen únicamente para resolver controversias genuinas surgidas entre partes opuestas que tienen un interés real en obtener un remedio que haya de afectar sus relaciones jurídicas". *ELA v. Aguayo*, 80 DPR 552, 558-559 (1958). Por consiguiente, para poder ejercer de forma válida nuestra facultad de interpretar la ley, es necesario que el caso presente una controversia auténtica, definida y concreta, dentro de un contexto adversativo. De lo contrario, procede la desestimación del recurso presentado porque, como no existe una controversia real entre los litigantes, el tribunal debe abstenerse de adjudicarlo.

El Tribunal Supremo de Puerto Rico ha resuelto que una controversia no es justiciable en las siguientes circunstancias, a saber: (1) cuando la cuestión a resolver es una cuestión política; (2) cuando el pleito no está maduro; (3) cuando, después de iniciado el pleito, hechos posteriores lo convierten en académico; (4) cuando lo que se procura obtener es una opinión consultiva; y (5) **cuando las partes no poseen legitimación activa para incoar la acción presentada**. *Noriega v. Hernández Colón, supra*, pág. 421. (Énfasis suplido).

El Tribunal Supremo ha reiterado que una parte indispensable es:

> [A]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia. *FCPR v. ELA et al.,* 211 DPR 521, 531 (2023) (citando a *Cirino González v. Adm. Corrección et al.,* 190 DPR 14, 46 (2014)).

Al respecto, la Regla 16.1 de Procedimiento Civil establece que "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda". 32 LPRA Ap. V, 16.1. El "interés común" al que se refiere no es a "cualquier interés en el pleito, sino que tiene que ser un interés real e inmediato, no especulativo ni a futuro, que impida la confección de un remedio adecuado porque podría afectar o destruir radicalmente los derechos de esa parte ausente". *RPR & BJJ, Ex Parte,* 207 DPR 389, 408 (2021).

La parte indispensable tiene que ser traída por la demandante, fundamentado en que su omisión violentaría el derecho constitucional al debido proceso de ley de no ser privado de libertad o propiedad. *García Colón et. al. v. Sunc. González,* 178 DPR 527, 550 (2010). No acumular una parte indispensable, ya sea como demandante o demandado, priva de jurisdicción al tribunal y cualquier sentencia emitida será considerada nula. *FCPR v. ELA et al.,* 211 DPR 521, 532 (2023).

*-B-*

El Artículo 217 del Código Civil de Puerto Rico (en adelante, Código Civil) menciona quien es considerado una persona jurídica: "[...] (b) la corporación, compañía, **sociedad**, sociedad especial, fundación y otras asociaciones de personas con manifiesto interés particular, sean civiles, mercantiles o industriales, tengan o no fines

de lucro, **a las que la ley concede personalidad jurídica independiente de la de sus constituyentes**". Cód. Civ. PR art. 217, 31 LPRA sec. 5862. (Énfasis suplido).

**-III-**

Tal como se desprende de los autos, a la subasta compareció Power Solar & Puerto Rico Water Managment Inc.[6] Por otro lado, este Tribunal ya se ha enfrentado a situaciones similares cuando una compañía en sociedad o "Joint Venture" es quien comparece a una subasta, es entonces que en los procedimientos posteriores debe comparecer de la misma manera.[7] De la *Resolución* emitida por la Junta sobre la sociedad entre **Power Solar & Puerto Rico Water Managment**, Inc. se desprende que:

> **Power Solar, LLC/ Puerto Rico Water Management (PRWM**), **operating as a Joint Venture**, they were classified as "Fair" on qualification and experience of the Proposer and quality of proposed work approach. Power Solar, LLC is tasked with the full scope of photovoltaic system installation, including design, procurement, and installation of battery backups. Their proposal lack comparable projects that demonstrated proficiency in managing budgets and adhering to specified timeframes. They list ongoing projects with PRDOH but don't provide final amounts or completion status, leaving uncertainties about their capacity to meet project requirements. On the other hand, PRWM presents comparable projects that comply with all the complete or ongoing projects. However, Exhibit C of the documentation is incomplete, hindering the assessment of Power Solar's ability to adhere to the project timeline. Although PRWM meets the comparable projects Power Solar, LLC, is missing critical information.[8]

Surge del apéndice de la parte recurrente que, Power Solar y Puerto Rico Water Management, suscribieron un contrato de sociedad o "Joint Venture Agreement", donde se establecía que estos licitarían conjuntamente para la subasta CDBG-MIT-RFP-2023-02 PV Systems, Water Storage System Design, Acquisition and Installation Services (CEWRI-CI).[9] Posteriormente, el Joint Venture

---

[6] Apéndice 1 del Recurso de Revisión Judicial, págs. 27-212.
[7] KLRA202300141.
[8] *Íd.*, pág. 15
[9] Apéndice 2 del Recurso de Revisión Judicial, págs., 30-31.

entre Power Solar y Puerto Rico Water Management presentó la propuesta para la subasta antes mencionada.[10] No obstante, una vez otorgada la *buena pro* a Aireko, Power Solar acude ante nos, **individualmente** a impugnar la adjudicación de la misma.

Hemos enfatizado que, a un licitador que complete el proceso de impugnación, ya sea ante la agencia correspondiente o ante este Tribunal, **en este caso, deben comparecer los dos (2) licitadores que participaron mediante una sociedad en el proceso de licitación**. De manera que, al operar como sociedad, y ante la ausencia de Puerto Rico Water Managment en el presente recurso de Revisión Judicial, no se configuran los adecuados elementos para satisfacer la legitimación activa de parte de Power Solar ante nos. Por lo que estamos impedidos de adjudicar en los méritos el presente Recurso por falta de jurisdicción.

**-IV-**

Por los fundamentos expuestos, los cuales hacemos formar parte integral de la presente *Sentencia, desestimamos* el Recurso de Revisión Judicial por falta de legitimación.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] *Íd.,* págs., 32-212.